IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TARA L. CORNIER,** *individually and on behalf of others similarly situated,* | * |
| | * |
| *Plaintiff,* | |
| | * |
| v. | Civ. Action No. _____ |
| | * |
| **LOEWS ANNAPOLIS HOTEL CORP.,** *a Delaware Corporation,* | * |
| 667 Madison Avenue | |
| New York, N.Y. 10021 | * |
| | |
| Serve on: | * |
| **The Prentice-Hall Corporation** | |
| **System - M** | * |
| 7 St. Paul Street, Ste. 1660 | |
| Baltimore, Maryland 21202, | * |
| | |
| *Defendant.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Tara L. Cornier, individually and on behalf of others similarly situated, alleges as follows:

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et* seq. ("FLSA"), to recover unpaid overtime, filed by the Plaintiff on behalf of all persons who at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant and were required to sign time adjustment sheets to remove any time clock entries that would otherwise entitle the employee to

overtime pay.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C § 1331.

3. Venue for this action properly lies within the District of Maryland, pursuant to 28 U.S.C. § 1391(b), because the claim arose in this judicial district.

## PARTIES

4. Plaintiff, Tara L. Cornier, is an adult residing at 5323 Clifton Avenue, Baltimore, Maryland, and is a citizen of Maryland. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

5. Defendant, Loews Annapolis Hotel Corporation is a Delaware corporation, with its principal place of business at 126 West Street, Annapolis, Maryland.

## FACTUAL BACKGROUND

6. During the past three years, Defendant has operated the Loews Annapolis Hotel located at 126 West Street, Annapolis, Maryland.

7. At all times, the wage and hour and all related employee compensation policies of Loews Annapolis Hotel were directed by, controlled by, and ratified by the Defendant.

8. The Plaintiff is a former employee of the Defendant.

9. Plaintiff was employed in the Maintenance Department as a Maintenance Engineer from November 2006 until she was terminated on November 14, 2008, after

being falsely accused of making copies of other employees' time sheets.

10. Prior to August 2008, Plaintiff worked a full time schedule of at least 40 hours a week.

11. Defendant was obligated to pay Plaintiff and all of its non-exempt employees time and one-half for any work performed in excess of 40 hours per workweek.

12. Beginning in about January or February 2008, Plaintiff and all other hourly employees of Defendant were required to sign time adjustment sheets to remove any time clock entries that would otherwise result in the employee working more than forty hours in a workweek and earning overtime pay.

13. As a maintenance engineer, there were often times when Plaintiff would get calls at the end of her shift that would require her to stay on the job and work beyond forty hours in a workweek.

14. Notwithstanding this and as a result of this new policy, Plaintiff and all other employees were required to sign off on downward time adjustments that had been prepared by Defendant's management employees. This resulted in Plaintiff and all other hourly employees of Defendant not receiving payment for hours worked and overtime compensation when the hours worked exceeded forty hours in a workweek.

15. This action is filed on behalf of all persons employed within three years year preceding the filing of this action by Defendant, who were required to sign time adjustment sheets to remove any time clock entries that would otherwise entitle the

employees to overtime pay for more than forty hours of work during a single workweek.

16.     Pursuant to Defendant's uniform employment policies, Plaintiff and all other members of this collective action did not receive payment for all hours worked and were denied overtime for hours worked in excess of forty hours per workweek.

17.     Evidence reflecting the number of hours worked but not paid for, including the time adjustment sheets, is in the possession of the Defendant. While Plaintiff is unable to state at this time the exact amount owing to the members of this collective action, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages and restitution be awarded according to proof thus obtained and presented to the court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

18.     Any failure by the Defendant to maintain, keep and/or otherwise preserve records, regarding the wages, hours and other practices and conditions of employment would constitute a further violation of the Fair Labor Standards Act.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings this Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 207 and 216(b) on behalf of:

> All persons employed by Defendant within three years year preceding the filing of this action, who were required to sign time adjustment sheets to adjust downward the total hours worked according to the Defendant's time

clock entries and were thereby deprived overtime pay.

20. Plaintiff is unable to state the exact number of the employees covered by this collective action without discovery of Defendant's books and records, but estimates the number to exceed forty individuals.

21. There are questions of law and fact common to the members of this collective action which predominate over any questions affecting individual members only. These common questions include, but are not limited to, the following:

    a. Whether Defendant had a policy or practice requiring its employees to sign time adjustment sheets to decrease the total hours worked according to the time clock entries in order to avoid payment for more than forty hours of work in a single workweek.

    b. Whether Defendant had a policy or practice requiring its employees to sign time adjustment sheets to offset any time clock entries that would otherwise entitle the employees to overtime pay.

    c. Whether Defendant failed to pay Plaintiff and the memebers of the collective action all overtime compensation due them by virtue of a policy or practice requiring its employees to sign time adjustment sheets to decrease the total hours worked according to the time clock for employees that would otherwise be entitled to overtime pay.

    d. The correct statute of limitations for the claims asserted in this action;

   e. The correct method of calculating back overtime pay and liquidated damages;

   f. Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

   g. Whether Defendant is liable for pre-judgment interest; and

   h. Whether Defendant is liable for attorney's fees and costs.

 22. Defendant has acted and refused to act on grounds generally applicable to all members of the collective action.

 23. Plaintiff's claims are typical of the claims of the other members of the collective action in that Plaintiff was denied mandatory overtime wages as the result of Defendant's uniform policy of requiring its employees to sign time adjustment sheets to offset any time clock entries that would otherwise entitle the employees to compensation for more than forty hours of work in any single workweek, including overtime pay.  This is the predominate issue which pertains to the claims of every employee covered by this collective action.

 24. The collective action is superior to other available methods for a fair and efficient adjudication of the controversy.

 25. Plaintiff will fairly and adequately protect the interests of all members of this collective action, as her interest are in complete alignment with the interests of her former co-workers, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to its employees.  Plaintiff has retained counsel

competent and experienced in complex litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of the collective action will be fairly and adequately protected by Plaintiff and her counsel.

26. Plaintiff and the other members of this collective action were denied overtime compensation as a result of Defendant's practices. This violation was intended by Defendant and was willfully done.

27. Plaintiff and the other potential members of this collective action have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

28. Defendant's action in denying overtime wages to Plaintiff and the other members of this collective action was intentional and constitutes a continuing willful violation of the Fair Labor Standards Act.

## COUNT I

29. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

30. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, Defendant employed Plaintiff and each member of the collective action consistent with the terms of the Fair Labor Standards Act.

31. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

32. As a consequence of Defendant's employment practices, Plaintiff and each member of the collective action were denied statutory overtime wages.

33. Defendant has failed to pay appropriate overtime wages under the Fair Labor Standards Act.

34. Defendant's policy of not paying its employees overtime wages represents and results in a willful violation of the Fair Labor Standards Act minimum wage requirements.

35. As a result, Plaintiff is entitled to recover unpaid overtime compensation, liquidated damages, reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b).

## COUNT II

36. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

37. Plaintiff objected to Defendant's policy of requiring its employees to sign time adjustment sheets as alleged herein.

38. Plaintiff voiced her objections to this policy to her co-workers and supervisors.

39. Despite her excellent work history and performance reviews, Plaintiff was terminated on November 14, 2008. At no time prior to discharge had Plaintiff been disciplined or otherwise counseled on the need to improve her performance.

40. When Plaintiff asked why she was being terminated, she was advised that she was being terminated for copying time sheets belonging to other employees on the

office photocopy machine, an allegation that Plaintiff denies. Plaintiff explained that she was making photocopies of her own time records and log books. After receiving this explanation, Defendant failed to rescind the discharge.

41.   Plaintiff was terminated and otherwise discriminated against for voicing a complaint about the failure of Defendant to pay overtime, in violation of 29 U.S.C. § 215(a)(3).

42.   By making a photocopy of her own log sheets and objecting to the time records and objecting to Defendant's policy of requiring its employees to sign time adjustment sheets as alleged herein, Plaintiff engaged in a protected activity under the Fair Labor Standards Act.

43.   Defendant terminated the Plaintiff for engaging in the protected activities alleged herein.

44.   Plaintiff at all times fully and competently performed all of the duties assigned to her.

45.   Defendant's conduct in terminating the Plaintiff was deliberate, malicious, willful, and intentionally calculated to inflict harm upon Plaintiff and to send a message to other employees that they would be fired unless they continued to sign the time adjustment sheets prepared by Defendant.

46.   As a result of Defendant's wrongful termination of Plaintiff, Plaintiff was left without employment, deprived of her hourly wage, suffered damage to her reputation and has otherwise been damaged.

**WHEREFORE**, Plaintiff respectfully requests:

A. all applicable statutory damages to which the Plaintiff and the members of the collective action are entitled;

B. monetary damages in the amount of all unpaid overtime compensation to which the Plaintiff and the members of the collective action are entitled;

C. a declaration that Defendant has violated the Fair Labor Standards Act;

D. an Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. § 216(b);

E. an Order appointing Plaintiff and her counsel to represent those individuals opting-in to the collective action;

F. an Order reinstating Plaintiff to her employment;

G. all lost wages resulting from the Plaintiff's discharge and an additional equal amount as liquidated damages;

H. an Order awarding attorneys' fees and costs; and,

I. all other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: November 12, 2009                    Respectfully submitted


   /s/ E. David Hoskins
E. David Hoskins, Bar No. 06705
LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland  21210
(410) 662-6500 (Tel.)
(410) 662-7800 (Fax)

*Of Counsel*:

Gary F. Lynch, Esq.
Bruce Carlson, Esq.
CARLSON LYNCH
36 N. Jefferson Street
P.O. Box 7635
New Castle, Pennsylvania  16107